■ The People of the State of New York, Respondent, v Nafis Wright, Appellant. [911 NYS2d 42]—

Order, Supreme Court, New York County (Lewis Bart Stone, J.), entered on or about February 4, 2010, which denied defendant's CPL 440.46 motion for resentencing, unanimously affirmed.

Defendant applied for resentencing on his 2005 conviction for criminal sale of a controlled substance in the third degree, involving a 2004 incident. In that case, he was adjudicated a second felony offender based on a 1997 conviction for a nonviolent felony, also involving drugs. However, defendant also had two 1994 convictions for attempted robbery in the second degree, a violent felony. The court properly concluded that, even though the attempted robbery convictions never resulted in predicate felony adjudications, they were nonetheless "exclusion offense[s]" making defendant ineligible for resentencing under the Drug Law Reform Act (*see* CPL 440.46 [5] [a]).

CPL 440.46 (5) provides that "any person who is serving a sentence on a conviction for or has a predicate felony conviction

for an exclusion offense" is ineligible for resentencing. The reference to "predicate felony conviction" does not require that the defendant be so adjudicated. This interpretation is supported by the fact that another class of exclusion offenses, set forth in CPL 440.46 (5) (b), specifically refers to violent felonies for which the applicant "has previously been adjudicated." The omission of that adjudication requirement from the definition of exclusion offenses premised on a prior violent felony committed within the preceding 10 years of the instant offense demonstrates that, in enacting CPL 440.46 (5) (a), the Legislature did not intend to require a previous adjudication (*see* McKinney's Cons Laws of NY, Book 1, Statutes § 74).

Contrary to defendant's argument, neither Penal Law § 70.06 (1) (b) nor CPL 400.21 (7) (c) limits the term "predicate felony conviction" to convictions that have actually been so adjudicated. Instead, that combination of statutes uses the term "predicate felony conviction" to mean a conviction that meets certain criteria, so that it would qualify for such an adjudication once the proper procedural steps are taken. Concur—Gonzalez, P.J., Mazzarelli, Andrias, Nardelli and Richter, JJ.