■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEITH JOHNSON, Appellant. [917 NYS2d 198]—

Defendant is ineligible for resentencing under the 2009 Drug Law Reform Act because of his prior violent felony conviction. It is immaterial that that conviction did not serve as the basis for his adjudication as a second felony offender on the drug conviction upon which he seeks resentencing (*see People v Wright*, 78 AD3d 474 [2010]). Defendant's estoppel arguments are without merit.

The court properly applied the tolling provisions of CPL 440.46 (5) (a) with regard to defendant's many periods of incarceration. The court did not take on a prosecutorial function or deprive defendant of due process when it requested the parties to submit additional records and information bearing on the tolling issue following the initial resentencing submissions (*compare People v Arnold*, 98 NY2d 63 [2002]). We have frequently observed that, within its broad discretion under *People v Moulton* (43 NY2d 944 [1978]), a court may appropriately request or suggest that parties elicit additional proof (*see e.g. People v Rodriguez*, 22 AD3d 412 [2005], *lv denied* 6 NY3d 758 [2005]; *People v Davis*, 289 AD2d 134, 135 [2001], *lv denied* 97 NY2d 753 [2002]; *People v Medina*, 284 AD2d 122 [2001], *lv denied* 96 NY2d 922 [2001]).

We also conclude that the incarceration records produced by

the People were sufficiently reliable to establish defendant's ineligibility for resentencing under the tolling provision. There is no merit to defendant's argument that the court improperly shifted the burden of proof to defendant in accepting these records.

In view of the foregoing, we find it unnecessary to reach any of the procedural or substantive issues presented by the People's alternative argument for affirmance. Concur—Mazzarelli, J.P., Friedman, Catterson, Manzanet-Daniels and Román, JJ.