THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAMES MURRAY, Appellant. [917 NYS2d 910]—

In 2003 the defendant pleaded guilty to conspiracy in the second degree (Penal Law § 105.15) and criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) and was sentenced to concurrent indeterminate terms of imprisonment. The crimes arose from the same general set of circumstances. In 2009, the defendant moved for resentencing on both convictions pursuant to CPL 440.46. The Supreme Court granted the defendant's motion with respect to his conviction of criminal sale of a controlled substance in the third degree, but found that it was unauthorized under CPL 440.46, which pertains only to sentences imposed for violations of certain crimes under Penal Law article 220, to resentence the defendant on his conviction of conspiracy in the second degree. We affirm the order insofar as appealed from.

By the clear terms of CPL 440.46, a court's authority to resentence eligible inmates convicted of a class B drug felony is limited to that felony and class C, D, or E felony offenses defined in Penal Law articles 220 and 221 on which the sentences were imposed at the same time or were included in the same order of commitment (*see* CPL 440.46 [2]). It does not extend to convictions of other crimes, such as conspiracy in the second degree (*cf. People v Diaz*, 68 AD3d 497, 498 [2009]).

The defendant's remaining contention is without merit. Rivera, J.P., Balkin, Leventhal and Hall, JJ., concur.