■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
BRUCE WILLIAMS, Appellant. [924 NYS2d 116]—

Appeal by the defendant from an order of the Supreme Court,
Kings County (J. Goldberg, J.), dated January 21, 2010, which
denied that branch of his motion which was for resentencing
pursuant to CPL 440.46 on his conviction of conspiracy in the
second degree, and specified and informed him that the court
would impose a determinate term of imprisonment of seven
years, with two years of postrelease supervision, in the event of
a resentence pursuant to CPL 440.46 on his conviction of crimi-
nal possession of a controlled substance in the third degree.

Ordered that the order is affirmed, and the matter is remitted
to the Supreme Court, Kings County, for further proceedings in
accordance herewith.

In 2005 the defendant pleaded guilty to conspiracy in the

second degree (Penal Law § 105.15) and criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), and was sentenced to concurrent indeterminate terms of imprisonment. In 2009 the defendant moved for resentencing on both convictions pursuant to CPL 440.46. The Supreme Court specified and informed the defendant of a proposed resentence on his conviction for criminal possession of a controlled substance in the third degree, but concluded that it was unauthorized, under CPL 440.46, to resentence the defendant on his conviction of conspiracy in the second degree. We affirm.

Contrary to the People's contention, the defendant's release to parole during the pendency of this appeal does not render the appeal academic (*see People v Overton*, 86 AD3d 4 [2011]).

The Supreme Court correctly determined that its authority to resentence eligible inmates convicted of a class B drug felony is limited to that felony, and any class C, D, or E felony offense defined in articles 220 and 221 of the Penal Law on which a sentence was imposed at the same time as the challenged sentence, or were included in the same commitment sheet as the challenged sentence (*see* CPL 440.46 [2]), and does not extend to convictions of other crimes, such as conspiracy in the second degree (*see People v Murray*, 82 AD3d 794 [2011]).

Moreover, as the Supreme Court correctly concluded, the unavailability of resentencing upon a conviction of conspiracy in the second degree does not violate the defendant's federal and state constitutional rights to equal protection of the laws. In determining whether a legislative classification not involving a suspect class or fundamental right comports with the equal protection requirement, we ask only whether it is rationally related to a legitimate state purpose (*see People v Walker*, 81 NY2d 661, 668 [1993]). In doing so, "we defer to the Legislature, which is presumed to know all facts that would support a statute's constitutionality—a presumption which must be rebutted beyond a reasonable doubt" (*id.* at 668). "The Legislature's actual purpose need not be apparent, for a statute is constitutional if rationally related to any conceivable legitimate State purpose" (*id.*). Here, the Legislature's determination that the reforms codified in CPL 440.46 should only apply to defendants convicted of certain felony offenses, enumerated in articles 220 and 221 of the Penal Law, is rationally related to the legitimate state purpose of providing sentencing relief to "low level" drug offenders (Assembly Mem in Support, 2004 McKinney's Session Laws of NY, at 2179) and not to those who, having conspired with others, potentially as part of a large-scale drug operation,

pose a greater societal harm (*see generally People v Walker*, 81 NY2d at 668).

The proposed resentence imposed on the conviction of criminal possession of a controlled substance in the third degree was not excessive (*see People v Sevencan*, 58 AD3d 761 [2009]; *People v Gonzalez*, 53 AD3d 507 [2008]; *People v Suitte*, 90 AD2d 80 [1982]).

Pursuant to the Drug Law Reform Act of 2009 (CPL 440.46), we remit this matter to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw that branch of his motion which was for resentencing on his conviction of criminal possession of a controlled substance in the third degree, before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Skelos, J.P., Leventhal, Sgroi and Miller, JJ., concur. **[Prior Case History: 27 Misc 3d 226.]**