■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARCELINO PEREZ, Appellant. [931 NYS2d 264]—

Despite the defendant's nearly spotless disciplinary record while incarcerated, and his commendable academic achievements, a more lenient resentence than the one proposed by the Supreme Court is not warranted under the circumstances of this case. The Drug Law Reform Act of 2004 (*see* L 2004, ch 738), which, inter alia, replaced the indeterminate sentencing system of the Rockefeller Drug Laws with a determinate system, and the subsequent Drug Law Reform Acts of 2005 and 2009 (*see* L 2005, ch 643; L 2009, ch 56, respectively), which, among other things, expanded opportunities for persons convicted of drug-related felonies prior to 2004 to apply for resentencing, were enacted with the goal of ameliorating harsh sentences for " 'low level' " drug offenders (*see People v Williams*, 84 AD3d 1279, 1280 [2011], *lv denied* 17 NY3d 823 [2011], quoting Assembly Mem in Support, 2004 McKinney's Session Laws of NY, at 2179). Here, at the time of his arrest, the defendant was traveling with two other persons in a vehicle which contained over 368 pounds of cocaine. Accordingly, we find that the proposed resentence of a determinate term of imprisonment of seven years, to be followed by a two-year period of postrelease supervision for his conviction of criminal possession of a controlled substance in the third degree, was not excessive (*see People v Herrera*, 54 AD3d 873 [2008]; *People v Curry*, 52 AD3d 732 [2008]; *People v Stamps*, 50 AD3d 827 [2008]).

The defendant's release to parole during the pendency of this

appeal does not render the appeal academic (*see People v Williams*, 84 AD3d at 1280; *see also People v Overton*, 86 AD3d 4, 16 [2011], *lv denied* 17 NY3d 820 [2011]).

Pursuant to the Drug Law Reform Act of 2009 (*see* CPL 440.46), we remit this matter to the Supreme Court, Queens County, to afford the defendant an opportunity to withdraw his application for resentencing before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Dillon, J.P., Belen, Roman and Miller, JJ., concur.