The People of the State of New York, Respondent, v Angel Gonzalez, Appellant. [934 NYS2d 808]—

"Pursuant to the clear terms of CPL 440.46, the defendant is not eligible for resentencing on his conviction of conspiracy in the second degree, since that crime is not one of the offenses enumerated in article 220 of the Penal Law" (*People v Wilson*, 84 AD3d 1281 [2011]; *see People v Williams*, 84 AD3d 1279, 1280 [2011]; *People v Murray*, 82 AD3d 794 [2011]). Moreover, the "unavailability of resentencing upon a conviction of conspiracy in the second degree does not violate the defendant's federal and state constitutional rights to equal protection of the laws" (*People v Williams*, 84 AD3d at 1280; *see People v Wilson*, 84 AD3d at 1281).

The proposed resentence on the defendant's conviction of criminal possession of a controlled substance in the third degree was not excessive (*see People v Overton*, 86 AD3d 4, 16 [2011]; *People v Medina*, 81 AD3d 853, 854 [2011]; *People v Suitte*, 90 AD2d 80 [1982]).

Pursuant to the Drug Law Reform Act of 2009 (CPL 440.46), we remit this matter to the Supreme Court, Kings County, to afford the defendant an opportunity to withdraw his motion for resentencing before any resentence is imposed (*see* CPL 440.46 [3]; L 2004, ch 738, § 23). Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.