[964 NE2d 388, 941 NYS2d 17]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTHONY STEWARD, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NAFIS WRIGHT, Appellant.

Argued January 12, 2012; decided February 14, 2012

494

**POINTS OF COUNSEL**

*Center for Appellate Litigation*, New York City (*David J. Klem, Jan Hoth* and *Robert S. Dean* of counsel), for appellants in the first and second above-entitled actions. Appellants Steward and Wright were eligible for resentencing, pursuant to the Drug Law Reform Act of 2009, because the only "predicate conviction" upon which appellants had been arraigned was a nonviolent offense and, therefore, not an exclusionary offense. (*People v Williams*, 66 NY2d 629; *People v Montilla*, 10 NY3d 663; *People v Samms*, 95 NY2d 52; *Matter of North v Board of Examiners of Sex Offenders of State of N.Y.*, 8 NY3d 745; *People v Kuey*, 83 NY2d 278; *People v Harris*, 61 NY2d 9; *People v Mateo*, 93 NY2d 327; *People v Duggins*, 3 NY3d 522; *Sanders v Winship*, 57 NY2d 391; *Matter of Branford House v Michetti*, 81 NY2d 681.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*John B. F. Martin* and *Christopher P. Marinelli* of counsel), for respondent in the first above-entitled action. Defendant's two predicate violent felony convictions for exclusion offenses rendered him ineligible for resentencing under the Drug Law Reform Act

of 2009. (*People v Duggins*, 3 NY3d 522; *People v Wright*, 78 AD3d 474; *People v Brown*, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U]; *People v Mills*, 11 NY3d 527; *People v Ramirez*, 49 AD3d 475, 10 NY3d 868; *People v Alcequier*, 43 AD3d 699, 11 NY3d 921; *People v Singleton*, 40 AD3d 502, 9 NY3d 881; *People v Dais*, 81 AD3d 432; *Matter of Albano v Kirby*, 36 NY2d 526; *People v Montilla*, 10 NY3d 663.)

*Cyrus R. Vance, Jr., District Attorney*, New York City (*John B. F. Martin* and *Christopher P. Marinelli* of counsel), for respondent in the second above-entitled action. Defendant's two predicate violent felony convictions for exclusion offenses rendered him ineligible for resentencing under the Drug Law Reform Act of 2009. (*People v Duggins*, 3 NY3d 522; *People v Brown*, 26 Misc 3d 1204[A], 2010 NY Slip Op 50000[U]; *People v Mills*, 11 NY3d 527; *People v Ramirez*, 49 AD3d 475, 10 NY3d 868; *People v Alcequier*, 43 AD3d 699, 11 NY3d 921; *People v Singleton*, 40 AD3d 502, 9 NY3d 881; *People v Dais*, 81 AD3d 432; *Matter of Albano v Kirby*, 36 NY2d 526; *People v Montilla*, 10 NY3d 663; *People v Samms*, 95 NY2d 52.)

## OPINION OF THE COURT

PIGOTT, J.

The Drug Law Reform Act of 2009 permits resentencing for persons in the custody of the Department of Corrections and Community Supervision* who are serving an indeterminate sentence with a maximum term of more than three years for a Penal Law article 220 class B felony that was committed before January 13, 2005 (*see* CPL 440.46 [1]). Resentencing is unavailable, however, "to any person who is serving a sentence on a conviction for *or has a predicate felony conviction for an exclusion offense*," which is defined, as relevant here, as

"(a) a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) *a violent felony offense as defined in section 70.02 of the penal law*" (CPL 440.46 [5] [a] [i] [emphasis supplied]).

---

* Effective March 31, 2011, the New York State Department of Correctional Services was renamed as the Department of Corrections and Community Supervision (*see* L 2011, ch 62, part C, subpart B, § 79).

Defendant Steward moved for resentencing on his March 2004 convictions for criminal sale of a controlled substance in the third and fourth degrees. He had been arraigned as a predicate felon on the basis of his 1992 conviction for the nonviolent felony of robbery in the third degree, rather than his 1991 convictions for the violent felonies of robbery in the first and second degrees.

Defendant Wright sought resentencing on his May 2005 conviction for criminal possession of a controlled substance in the third degree. At sentencing, he had been adjudicated a predicate felon based on his 1997 conviction for the nonviolent felony of attempted criminal sale of a controlled substance in the third degree, notwithstanding the fact that he also had two 1994 violent felony convictions for attempted robbery in the second degree.

The trial courts in *Steward* and *Wright* concluded that neither defendant was eligible for resentencing because each had been convicted of an "exclusion offense" as defined by CPL 440.46 (5) (a) (i), rejecting defendants' respective claims that the term "predicate felony conviction" refers to only those felonies upon which a defendant had been adjudicated a predicate felon. The Appellate Division affirmed in each appeal, holding that the reference to " 'predicate felony conviction' does not require that the defendant be so adjudicated" (*People v Wright*, 78 AD3d 474, 475 [1st Dept 2010]; *People v Steward*, 78 AD3d 481 [1st Dept 2010]). A Judge of this Court granted leave, and we now affirm.

The sole issue raised on these appeals is whether these defendants have predicate felony convictions for exclusion offenses, thereby rendering them ineligible for resentencing. Defendants make an identical argument—that because the convictions upon which they were adjudicated predicate felony offenders were for nonviolent felony offenses, they had no predicate felony convictions for exclusion offenses under CPL 440.46 (5) (a). Thus, the argument goes, although their older violent felony convictions may constitute "prior convictions" or "prior felonies," they were not predicate felony convictions.

A "predicate felony conviction" is defined, in pertinent part, as a conviction of a felony in this state, for which sentence was imposed before the commission of the current felony and "not more than ten years before commission of the felony of which the defendant presently stands convicted," excluding "any

period of time during which the person was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony" (Penal Law § 70.06 [1] [b] [i], [ii], [iv], [v]). Defendants concede that they have prior violent felony convictions. Moreover, it is evident from the record that, excluding time for incarceration "for any reason" between the commission of the violent felonies and the present drug felonies, the sentences on those prior convictions were imposed not more than 10 years before the commission of their respective drug felonies for which they seek resentencing. On the face of the statute, therefore, defendants have predicate felony convictions for an "exclusion offense."

But defendants assert that CPL 440.46 (5) (a) requires that they must have been "arraigned" on a predicate statement and "adjudicated" a predicate felony offender on the basis of a violent felony offense in order for it to render them ineligible for resentencing. However, it is evident from CPL 440.46 (5) (a) that predicate felony convictions are not limited to convictions that have been so "adjudicated," particularly in light of CPL 440.46 (5) (b)'s explicit language that an "exclusion offense" is also "a second violent felony offense pursuant to [Penal Law § 70.04] or a persistent violent felony offense pursuant to [Penal Law § 70.08] *for which the person has previously been adjudicated*" (emphasis supplied). By including a "prior adjudication" requirement in paragraph (b) (which does not include the 10-year limitation) but not paragraph (a), the Legislature plainly intended that defendants with convictions for violent felony offenses need not be previously adjudicated as such before being rendered ineligible for resentencing under CPL 440.46 (5) (a) (*see Matter of Albano v Kirby*, 36 NY2d 526, 530 [1975] [noting that "(w)hen different terms are used in various parts of a statute . . . , it is reasonable to assume that a distinction between them is intended"]). The plain language of CPL 440.46 (5) (a) and (b) thus demonstrates that prior adjudication is required under the latter provision, but not the former.

Nor do Penal Law § 70.06 (1) (b) and CPL 400.21 (7) (c) limit the term "predicate felony conviction" to only convictions that have been previously adjudicated as such. Penal Law § 70.06 (1) (b) delineates the criteria concerning what types of prior convictions constitute "predicate felony conviction[s]," while CPL 400.21 (7) (c) specifies the procedure courts must follow when determining whether a defendant is a second felony offender, which includes a finding by a court as to whether "the

defendant has been subjected to a predicate felony conviction." Therefore, while the term "second felony offender" requires an adjudication under CPL 400.21 (7) (c), the term "predicate felony conviction" does not require any such adjudication.

Contrary to defendants' contentions, our holding does not foreclose defendants seeking resentencing from challenging the validity of the underlying prior violent felony conviction(s) upon which they are denied resentencing. The Drug Law Reform Act of 2004—governing "proceedings on and determination of a motion brought pursuant to [CPL 440.46]"—states that a court may "conduct a hearing, if necessary, to determine whether [a defendant] qualifies to be resentenced or to determine *any controverted issue of fact relevant to the issue of sentencing*" (L 2004, ch 738, § 23 [emphasis supplied]; *see* CPL 440.46 [3]). Thus, a defendant has an opportunity to challenge the validity of the predicate felony conviction as part of his resentencing application; here, defendants did not challenge the validity of their prior violent felony convictions.

Accordingly, the orders of the Appellate Division in *Steward* and *Wright* should be affirmed.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH and JONES concur.

In each case: Order affirmed.