OPINION OF THE COURT
Barbara F. Newman, J.
Pursuant to Criminal Procedure Law § 440.46, defendant has filed a motion for resentencing pursuant to the Drug Law Reform Act of 2009 (DLRA) (L 2009, ch 56, part AAA, § 9). The People oppose defendant’s motion asserting that because defendant is a nonincarcerated parolee he does not meet the statutory eligibility requirements for resentence.
The court has reviewed the applicable law and the following documents: (1) defendant’s motion for resentencing; (2) defendant’s affirmation in support of defendant’s motion for resentencing; (3) the People’s response to the motion for resentencing; and (4) defendant’s reply affirmation in support of DLRA resentencing.
On January 31, 2012, this court issued an interim decision granting defendant’s motion for resentencing and on February 1, 2012, resentenced him. That decision stated that a full decision would follow. This is that full decision.
Procedural History
On February 17, 2004, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) in full satisfaction of the indictment.[1] As part of the agreed upon sentence, defendant was placed under the supervision of Treatment Accountability for Safer Communities and directed to complete an 18-to-24-month residential drug treatment program. His failure to complete the drug program would result in the imposition of a specified sentence of incarceration. Defendant failed to appear for sentencing on July 8, 2004, July 15, 2004, and July 21, 2004. On August 25, 2004, defendant once again failed to appear for sentencing and a warrant was issued for his arrest. On January 27, 2005, the defendant was returned on the warrant to Bronx Treatment Court, at which time his attorney informed the court that defendant had failed to appear for sentencing because he had left the jurisdiction to care for his ill father in Florida.
On February 14, 2005, defendant, having failed to complete the drug program, was sentenced to the promised alternative *398 sentence of incarceration: an indeterminate term of 2 to 6 years. On May 19, 2006, defendant was released from prison and ordered to comply with the conditions of his parole. Defendant has been reinarcerated for three separate parole violations but has not been convicted of any additional crimes. Defendant has a maximum parole expiration date of April 28, 2012. He is not currently incarcerated but is under parole supervision.
Discussion
The issue to be determined by this court is whether a nonincarcerated parolee qualifies as “[a]ny person in the custody of the department of corrections and community supervision,” for purposes of eligibility for resentence under the DLRA (CPL 440.46 [1]).
Defendant contends that a parolee defendant qualifies as “any person” within the custody of the Department of Corrections and Community Supervision, relying on the plain meaning of the statute, and is thereby eligible for resentencing. To support this contention, defendant notes that the phrase “any person” was not replaced with the word “inmate” at the time that CPL 440.46 (1) was amended, and the Legislature did not differentiate between “custody” and “legal custody.” Defendant contends that the phrase “any person” refers equally to an inmate or a parolee.
The People oppose defendant’s motion for resentencing on the ground that the defendant is ineligible for resentence inasmuch as he is not incarcerated and therefore is not in the custody of the Department of Corrections and Community Supervision as required by statute. The People contend there remains a distinction between “custody” of an inmate and “legal custody” of a parolee, a person who is under parole supervision. According to the People, in order to be resentenced under the DLRA, an offender must be an inmate.
Section 440.46 of the Criminal Procedure Law codifies the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9), which extends to those convicted of a class B, C, D or E drug felony, and sentenced under the legislation commonly referred to collectively as the Rockefeller Drug Laws, the opportunity to seek a shorter and therefore less harsh sentence. The Drug Law Reform Act of 2004 (L 2004, ch 738, § 23 [hereinafter DLRA/ 04]) and the Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [hereinafter DLRA/05]) extended the same opportunity to those convicted of class A-I and A-II drug felonies, respectively. Until *399 amended in March 2011, as it had been with DLRA/04 and DLRA/05, the baseline eligibility requirement for resentencing under CPL 440.46 was that the applicant be “[a]ny person in the custody of the department of correctional services.” (CPL 440.46 [former (1)]; L 2005, ch 643, § 1; L 2004, ch 738, § 23.)
On March 31, 2011, the New York State Legislature passed the 2011-2012 budget bill merging many state agencies to help reduce the size of the state budget deficit. In this budget bill, the Department of Correctional Services (DOCS) was merged with the Division of Parole to form one agency, to be known as the Department of Corrections and Community Supervision (hereinafter DOCCS). Subsequent to the merger, CPL 440.46 (1) was amended to provide that “[a]ny person in the custody of the department of corrections and community supervision . . . may . . . apply to be resentenced.” That language does not distinguish between defendants who are incarcerated and those who are on parole but are not incarcerated. The only change to CPL 440.46 (1) was the change in the name of the agency in whose custody a person had to be in order to meet resentence eligibility criteria. Additionally, as a result of the elimination of the Division of Parole, Executive Law § 259-i (2) (b) was also amended to state that nonincarcerated parolees are now in the “legal custody” of the newly formed DOCCS. Thus it may be concluded that the drafters were aware that incarcerated and nonincarcerated persons would be affected by the change.
To resolve the issue before this court, the court must consider the legislative intent of the Drug Law Reform Act as well as the legislative intent and consequences of the merger of the Department of Correctional Services and the Division of Parole.
Under the Rockefeller Drug Laws lengthy mandatory sentences were imposed for drug convictions involving small quantities of narcotics. The Drug Law Reform Act was created “to grant relief from what the Legislature perceived as the ‘inordinately harsh punishment for low level non-violent drug offenders’ that the Rockefeller Drug Laws required.” (People v Paulin, 17 NY3d 238, 244 [2011] [citations omitted].) The initial drug reforms extended relief only to those persons convicted of A-I and A-II felony drug offenses. Subsequent reforms extended sentencing relief to persons convicted of class B, C, D and E drug offenses as well. The Drug Law Reform Act permitted eligible defendants who had been sentenced to an indeterminate sentence under the old law to apply for resentencing to a lower determinate sentence. The opportunity for resentencing was *400 not to be granted automatically. Rather, an application for resentencing should not be granted if “substantial justice dictates that the application should be denied.” (Paulin at 245.) As previously noted, the baseline eligibility requirement was that the person seeking resentence be in custody.
The decision to merge state agencies, thereby combining the duties and responsibilities of two agencies into one, was based in part upon the financial needs of New York State as well. A sought-after benefit from the merger of state agencies was a reduction in the state deficit. However, reduction in the state deficit was not the only intended goal of the merger. Specifically, the merger of DOCS and the Division of Parole would allow funds to be allocated to one agency rather than two agencies which shared common purposes, duties, and responsibilities. As detailed in the merger legislation, a single agency was created to “provide for a seamless network for the care, custody, treatment and supervision of a person, from the day a sentence of state imprisonment commences, until the day such person is discharged from supervision in the community.” (See L 2011, ch 62, part C, subpart A, § 1.) Thus, as a result of the merger an individual is within the custody of DOCCS, maintaining a single continuous, nontransferable relationship with a single agency.
Subsequent to the merger of the Department of Correctional Services and the Division of Parole, the Legislature has taken further affirmative action and amended both CPL 440.46 (1) and Executive Law § 259-i (2) (b), but only to the extent of identifying DOCCS as the newly formed entity which is responsible for the custody of inmates and parolees. Although within its power to do so, the Legislature made no further amendments to the applicable statutes and thus did not make a distinction between those in “physical custody” because they are incarcerated and those in “legal custody” because they are under parole supervision but not incarcerated.[2] The language “any person” and “custody” remain undefined, thereby leaving interpretation to the courts.
*401 To determine defendant’s eligibility for resentencing, this court must rely upon and interpret the provisions of CPL 440.46 which govern resentencing. “The starting point in any case of interpretation must always be the language itself, giving effect to the plain meaning thereof.” (Weaver v State of New York, 91 AD3d 758, 761 [2d Dept. Jan. 17, 2012].) In the instant matter, the court must be guided by the literal meaning of the statute until such time as the Legislature directs otherwise. Although the merger of DOCS and the Division of Parole was motivated by both fiscal concerns and the efficiency of operations, the actions of the Legislature have far reaching implications. Since the only amendment to CPL 440.46 was to change DOCS to DOCCS, the Legislature has expanded the meaning of custody to encompass both those who are incarcerated and those who are under parole supervision, thereby extending the DLRA provisions to nonincarcerated parolees. [3]
According to Executive Law § 259- i (2) (b), a nonincarcerated parolee is within the custody of DOCCS. Based upon the literal language of the statute, “any person” within the custody of DOCCS, as a person in custody, is eligible for resentencing. Therefore defendant is eligible to be resentenced. The overriding intent of the DLRA was to relieve the severity of harsh drug sentences for “any person” who satisfies the eligibility requirements and the defendant has met the criteria.
Accordingly, defendant’s application for resentencing is granted.

. The source of the procedural history is the written submissions of the parties.

. The New York State Court of Appeals was presented with a similar question of statutory interpretation pertaining to resentencing and the Rockefeller Drug Laws. In People v Sosa (18 NY3d 436 [Feb. 14, 2012]), the defendant’s motion for resentencing was opposed by the People on the ground that defendant was not eligible for resentencing because the law excludes an individual who has committed an exclusion offense within the “preceding ten years.” The People argued that the language “within the preceding ten years” means within 10 years of the commission of the drug offense. In rejecting the People’s interpretation of the statute, the Court of Appeals held that “[t]he Legislature could, of course, have excluded any defendant with a prior violent *401 felony from the statute’s remedial ambit, but did not do so.” (Id. at 440.) Additionally, the Court stated
“[w]e would not hesitate to enforce an intention by the Legislature severely to limit that purportedly benefitted class, even to the virtually plenary extent advocated by the People, if that limitation, although arguably at odds with the broad objectives of the remedial enactment of which it was part, were clearly expressed, but it is not.” (Id. at 440-441.)

. In People v Bowen (Sup Ct, NY County, Nov. 23, 2011, Zweibel, J., index No. 6449/98), the People consented to the resentencing of the defendant who was on parole when his motion was filed. The consent of the People may be construed as an acknowledgment that DLRA provisions have been extended to include nonincarcerated parolees.