OPINION OF THE COURT
Majrcy L. Kahn, J.
By notice of motion dated May 16, 2012, defendant Claude Danton, who stands convicted after trial before a jury and another judge of this court[1] of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) under indictment No. 5759/03 and, upon his plea of guilty, of criminal sale of a controlled substance in the third degree (Penal Law § 220.39 [1]) under indictment No. 620/04, has moved, for the second time, pursuant to the Drug Law Reform Act of 2009 (L 2009, ch 56, part AAA, § 9, codified at CPL 440.46 [DLRA-3]) for an order vacating the concurrent indeterminate sentences of 4x/2 to 9 years’ imprisonment originally imposed on him for each conviction and instead imposing reduced sentences. The People have opposed the motion on eligibility grounds under CPL 440.46 (5) (b).
On July 11, 2012, this court held a hearing on the issue of whether defendant was eligible for DLRA-3 resentencing and, at the conclusion of that hearing, issued an oral ruling denying defendant’s motion on the grounds that defendant is ineligible for DLRA-3 resentencing. This written decision and order explains that ruling.
I. Class B Drug Felony Resentencing under the Drug Law Reform Act of 2009
The DLRA-3 continued the legislature’s revision of the Rockefeller drug sentencing laws commenced under the Drug Law Reform Act (L 2004, ch 738 [DLRA]) and Drug Law Reform Act of 2005 (L 2005, ch 643, § 1 [DLRA-2]). The statutory changes effected by the DLRA and the DLRA-2 were specifically designed to ameliorate the harsh sentences previously mandated for certain offenders convicted of class A-I and class A-II drug felonies, respectively. The enactment of the DLRA-3 further extended the ameliorative relief to certain class B, C, D and E drug felony offenders.
Under the DLRA-3, a defendant is eligible to apply for resentencing on a prior B felony drug conviction upon meeting *900 the following five criteria: (1) the defendant must be in the custody of the New York State Department of Corrections and Community Supervision (DOCCS); (2) the defendant must stand convicted of a class B drug felony offense under Penal Law article 220; (3) the offense for which the defendant was convicted must have been committed before January 13, 2005; (4) the defendant must have received a sentence of an indeterminate term of imprisonment, the maximum term of which exceeded three years; and (5) the defendant must not be currently serving a sentence for, nor have a predicate felony conviction for, an “exclusion offense” as defined in CPL 440.46 (5).
Criminal Procedure Law § 440.46 (5) defines the two categories of exclusion offense limitations on eligibility for resentencing in the following terms:
“5. The provisions of this section shall not apply to any person who is serving a sentence on a conviction for or has a predicate felony conviction for an exclusion offense. For purposes of this subdivision, an ‘exclusion offense’ is:
“(a) a crime for which the person was previously convicted within the preceding ten years, excluding any time during which the offender was incarcerated for any reason between the time of commission of the previous felony and the time of commission of the present felony, which was: (i) a violent felony offense as defined in section 70.02 of the penal law . . . ; or
“(b) a second violent felony offense pursuant to section 70.04 of the penal law . . . for which the person has previously been adjudicated.”
The applicable procedure for a CPL 440.46 resentencing motion is the same as that provided for in section 23 of the DLRA, which is incorporated by reference in CPL 440.46 (3). Upon receiving CPL 440.46 motion papers, the court “shall offer an opportunity for a hearing” and bring the defendant before it. (DLRA § 23.) The court may also hold a hearing to determine a defendant’s eligibility for resentencing or to determine any controverted issue of fact. (Id.)
II. Defendant’s Criminal History
For purposes of this decision, a partial summary of defendant’s criminal history is warranted. On November 26, 1979, defendant was convicted upon his plea of guilty before the Supreme Court, Kings County, of attempted robbery in the first *901 degree (Penal Law §§ 110.00, 160.15), a class C violent felony offense, and was sentenced to an indeterminate term of IV2 to 4V2 years’ imprisonment in full satisfaction of Kings County indictment No. 3011/79.
On August 24, 1989, defendant, under the name Claude Dun-ton, pleaded guilty before the Supreme Court, Kings County, to attempted robbery in the second degree (Penal Law §§ 110.00, 160.10), a class D violent felony offense (Penal Law § 70.02 [1] [c]), in full satisfaction of Kings County indictment No. 5892/88 (the 1989 attempted robbery conviction). On September 14, 1989, defendant was sentenced to 2V2 to 5 years’ imprisonment.
III. The Instant Cases
By indictment No. 5759/2003 filed October 24, 2003, defendant was charged with one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) and one count of criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03). By indictment No. 620/2004 filed February 10, 2004, defendant was charged with one count of criminal sale of a controlled substance in or near school grounds (Penal Law § 220.44) and one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39).
On May 3, 2004, defendant was convicted under indictment No. 5759/2003 of one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39), the seventh-degree possession count having been dismissed prior to trial. Following that conviction, defendant pleaded guilty to one count of criminal sale of a controlled substance in the third degree (Penal Law § 220.39) in full satisfaction of indictment No. 620/ 2004. On May 20, 2004, defendant, having been adjudicated a second felony offender, was sentenced to concurrent terms of 4V2 to 9 years’ imprisonment on each of his two convictions, to run concurrently.
On October 7, 2009, defendant filed his first application for CPL 440.46 resentencing. In a written decision and order dated February 10, 2010, this court denied that application on the ground that defendant was ineligible for resentencing in that he had been convicted of an “exclusion offense,” namely, the 1989 attempted robbery conviction, within the look-back period defined in CPL 440.46 (5) (a). (People v Danton, 27 Misc 3d 638, *902 650, 654 [Sup Ct, NY County 2010] [Danton I], affd 93 AD3d 498 [1st Dept 2011].)[2] The instant application followed.
IV Parties’ Contentions
On this application, defendant contends that he has now “aged-in” to eligibility for DLRA-3 resentencing, in that his 1989 attempted robbery conviction occurred more than 10 years prior to the instant application, and that therefore he is no longer barred from resentencing by reason of having committed a CPL 440.46 (5) (a) exclusion offense within the look-back period, as he was at the time of his first resentencing application.
The People, while conceding that CPL 440.46 (5) (a) no longer bars defendant from resentencing eligibility, and while not opposing the motion on any other grounds,[3] argue that defendant has committed an exclusion offense within the meaning of CPL 440.46 (5) (b), and thus is forever barred from obtaining resentencing. They point to defendant’s two prior convictions for violent felonies prior to his convictions in the instant cases, *903 one of which was a class C violent felony conviction in 1979 and the other of which was a class D violent felony conviction in 1989, contending that they are sufficient to establish that defendant has a CPL 440.46 (5) (b) exclusion offense without the need to prove that defendant had been formally adjudicated a second violent felony offender (CPL 400.15).[4] In addition, they argue that, in any case, the sentence defendant received in 1989, 2[1]/2 to 5 years’ imprisonment, is consistent with the minimum indeterminate sentence which would have been received by a defendant convicted of a class D violent felony offense and adjudicated a second violent felony offender in 1989.
In reply, defendant argues that the mere fact that he appears to have received two prior violent felony convictions does not establish that defendant has committed an exclusion offense as defined in CPL 440.46 (5) (b) (citing People v Steward). He further contends that, although required to do so, the People have provided no proof, by way of predicate felony statement, sentencing and commitment order, or minutes, to establish that defendant was previously adjudicated a second violent felony offender, and that making a determination that would forever bar him from the ameliorative effects of the DLRA-3 requires “formal and unequivocal proof’ of such a prior adjudication.[5]
V Discussion
The issue before the court is whether defendant is ineligible for DLRA-3 resentencing due to his having been convicted of an exclusion offense as defined in CPL 440.46 (5) (b), namely, the 1989 attempted robbery conviction.
*904 A. CPL 440.46 (5) (b) Adjudication Requirement
As the People now concede, in order for a defendant to be rendered ineligible for resentencing by reason of a CPL 440.46 (5) (b) exclusion offense, the potential exclusion offense must be “a second violent felony offense . . . for which the person has previously been adjudicated.” (CPL 440.46 [5] [b] [emphasis added].) These words are free from doubt, and require proof of a formal adjudication by the court pursuant to CPL 400.15 (see Statutes § 76 [“Where words of a statute are free from ambiguity and express plainly, clearly and distinctly the legislative intent, resort may not be had to other means of interpretation”]).
Thus, as the Court of Appeals has recently explained, in order to establish that defendant has committed an exclusion offense under “[t]he plain language of CPL 440.46 (5) (a) and (b) . . . [a] demonstration of] prior adjudication is required under the latter provision [CPL 440.46 (5) (b)], but not the former [CPL 440.46 (5) (a)].” (People v Steward, 18 NY3d at 497 [emphasis added].) Put otherwise, as this court observed in Danton I, in contrast to CPL 440.46 (5) (a), which has no provision requiring prior adjudication as a predicate violent felony offender, CPL 440.46 (5) (b) requires that the potential exclusion offense be a second violent felony offense for which the defendant “has previously been adjudicated” in a formal proceeding under CPL 400.15. (CPL 440.46 [5] [b]; Danton I, 27 Misc 3d at 652.)
B. Burden of Proof
In order to determine whether defendant in this case has been previously adjudicated a second violent felony offender and is, therefore, ineligible for CPL 440.46 resentencing, the court must first determine the allocation between the parties of the burden of proof on CPL 440.46 eligibility issues. Research reveals no appellate or trial court authority on the issue of allocation of the burden of proof of eligibility for CPL 440.46 resentencing, however.
The author of a leading treatise on evidence, Professor Charles McCormick, has written thoughtfully on the subject of the apportionment of the burdens of proof on contested evidentiary issues, however. (See 2 Broun, McCormick on Evidence § 337 at 477 [6th ed 2006].) While concluding that there is no unitary principle governing the subject, Professor McCormick has crafted a rubric, the elements of which (the McCormick factors) may be usefully employed in allocating evidentiary burdens:
*905 “Their allocation, either initially or ultimately, will depend upon the weight that is given to any one or more of several factors, including: (1) the natural tendency to place the burdens on the party desiring change, (2) special policy considerations such as those disfavoring certain defenses, (3) convenience, (4) fairness, and (5) the judicial estimate of probabilities.” (Id. [emphasis added].)
The McCormick factors have been used by the United States Supreme Court and by other courts to determine the allocation of evidentiary burdens. (See e.g. Schaffer v Weast, 546 US 49, 57-61 [2005, O’Connor, J.] [citing McCormick where considering the factors that dictate placing the burden of proof on the moving party in a case of first impression]; id. at 63 [Ginsburg, J., dissenting] [employing McCormick factors in arguing that policy considerations, convenience, and fairness warrant allocation of burden of proof to opposing party]; State v McFarren, 62 Wis 2d 492, 499-504, 215 NW2d 459, 463-466 [1974] [discussing and applying McCormick factors in allocating burden of proof as to riparian issue]; Romanian Am. Interests v Scher, 94 AD2d 549, 551-555 [2d Dept 1983] [applying McCormick factors in allocating burden of proof in legal malpractice action of viability of affirmative defenses in underlying action]; People v Colon, 5 Misc 3d 365, 372-374 [Sup Ct, NY County 2004] [using McCormick factors to allocate burden of proof on custody in Huntley hearing (People v Huntley, 15 NY2d 72 [1965])], affd 54 AD3d 621 [1st Dept 2008], lv denied 11 NY3d 923 [2009].)
In applying the McCormick factors to determine which party bears the initial burden of going forward to show CPU 440.46 resentencing eligibility, as to the first McCormick factor, the natural tendency would be to place the initial burden as to eligibility upon the party seeking the change in the status quo, namely, the defendant who desires resentencing.
The second factor requires examination of any special policy considerations inherent in the allocation of the burden. Although the DLRA-3 is an ameliorative statute, the legislature took the step of articulating five eligibility criteria which had to be met as a precondition to obtaining relief under the new law. Requiring the defendant to articulate in the first instance his compliance with the eligibility criteria furthers the legislative policy which specifically affords the possibility of benefits only to those drug offenders who meet its eligibility standards. Placing on defendant the initial burden of going forward to show compliance with those standards is therefore consistent with the specific legislative policy of the statute.
*906 The third and fourth McCormick factors, convenience and fairness, imply that the burden should be placed on the party best able to carry it. Because a defendant is the party most knowledgeable about her own eligibility for resentencing, it serves the ends of both convenience and fairness to require her to provide an application which, on its face, meets the statutory eligibility criteria. To conclude otherwise would place the prosecution in the untenable position of having to prove the lack of qualifications for resentencing of every single applicant.
Finally, as to the fifth McCormick factor, the probabilities of the circumstances involved, the risk of initial failure of proof may be placed upon the party who contends that the more unusual event has occurred. At least with respect to the eligibility criteria of CPL 440.46 (5), regarding exclusion offenses, when a defendant contends that her prior violent felony convictions do not constitute exclusion offenses, she is the party who is contending that the more unusual event has occurred. Therefore, for all of these reasons, applying the McCormick analysis, defendant should bear the initial burden of going forward to demonstrate his eligibility for resentencing.
The court must also assess who bears the ultimate burden of persuasion on the issue of eligibility. In this connection, once the defendant has met the initial burden of going forward to show eligibility, the legislature’s expressed strong policy in favor of resentencing, coupled with the prosecution’s more ready access to criminal history records, overshadows the other McCormick factors and renders it appropriate, convenient and fair to place the ultimate burden of persuasion on the People to counter the defendant’s claim by disproving eligibility, at least where exclusion offenses are concerned. Thus, under the McCormick analysis, once the defendant has met the initial burden of proving eligibility for CPL 440.46 resentencing, the ultimate burden of disproving eligibility should shift to the People.
Furthermore, a recent decision of the Appellate Division, First Department, suggests the propriety of this allocation of burdens where DLRA-3 eligibility is concerned. In People v Johnson (82 AD3d 415, 416 [1st Dept 2011], lv denied 16 NY3d 860 [2011]), the Appellate Division rebuffed the argument of a defendant that the court in denying DLRA-3 resentencing had improperly relied on records of defendant’s incarceration, stating: “There is no merit to defendant’s argument that the court improperly shifted the burden of proof [as to eligibility for CPL 440.46 resentencing] to defendant in accepting [incarceration] rec *907 ords.” (Johnson, 82 AD3d at 416.) Surely the Appellate Division would not have couched its rejection of the defendant’s argument in these terms had it not viewed the burden of disproving eligibility as resting with the People.
C. Standard of Proof
The parties have disagreed as to the appropriate standard of proof the People must meet in order to meet their ultimate burden of disproving defendant’s CPL 440.46 eligibility. Again, research reveals no appellate or trial court decisions addressing this issue.
It is clear, however, that those otherwise eligible class B drug offenders with prior nonviolent felony convictions or who were convicted of a first violent felony offense long before the time of their resentencing applications are not precluded thereby from obtaining the ameliorative effects of the DLRA-3. {See CPL 440.46 [5] [a].) By contrast, those class B drug offenders who were previously convicted of second violent felony offenses and were so adjudicated are forever barred from receiving the benefits of resentencing under the statute. {See CPL 440.46 [5] [b].) Given that establishment of an exclusion offense under CPL 440.46 (5) (b) results in a permanent bar to DLRA-3 resentencing, and in view of the general ameliorative purposes of the statutory scheme, it seems appropriate, as the defense suggests, to require the People to provide formal and unequivocal proof of the existence of a second violent felony offender adjudication as a precondition to a judicial finding that a defendant has sustained an exclusion offense rendering him permanently ineligible for relief under CPL 440.46 (5) (b).
D. Analysis
In this case, in order to determine whether the People have established that defendant is ineligible for resentencing on the basis of a CPL 440.46 (5) (b) exclusion offense, the court must determine whether formal and unequivocal proof demonstrates that defendant had been adjudicated a second violent felony offender at the time of his 1989 sentencing proceedings in Kings County. In the interest of resolving this issue, this court has obtained the court file for Kings County indictment No. 5892/ 88, which includes the following documents, which were marked as court exhibits at the July 11, 2012 hearing as indicated: the sentencing minutes (court exhibit I); the court file jacket (court exhibit II); a certified copy of the sentencing and commitment *908 order dated “9-14-89” (1989 commitment order) (court exhibit III); and the predicate felony statement dated August 22, 1988, and prepared by the Office of the Kings County District Attorney pursuant to CPL 400.15 (2) (predicate felony statement) (court exhibit IV).[6] Having examined the documents in question and having given the parties the opportunity to be heard as to the weight the court should accord them as proof of the defendant’s prior adjudication as a second violent felony offender, this court takes judicial notice[7] of the documents in question as establishing the following facts.
The sentencing minutes for Kings County indictment No. 5892/88 (court exhibit I) reveal that at defendant’s sentencing for his attempted robbery conviction on September 14, 1989 in Supreme Court, Kings County, the sentencing court stated: “The record will indicate the defendant has previously been arraigned as a second violent felony offender and a predicate statement was given to counsel on the last appearance.” (People v Dunton, Sup Ct, Kings County, Sept. 14, 1989, indictment No. 5892/88 [tr at 2].)
The court file jacket for Kings County indictment No. 5892/88 (court exhibit II) reflects the following notations for the date “8/24/89”: “PLEA 110/Rob2°,” “ ‘D’ felony,” “SO/ 9-14,” and “2nd VFO.”
The 1989 commitment order (court exhibit III) shows that the defendant Dunton’s NYSID number is 04312480L, which is the same NYSID number as that of defendant Danton in the instant cases, and indicates that the defendant was convicted of “Att Rob 2°” and was sentenced to a maximum term of “5 yrs” and a minimum term of “2x/2 yrs.” A box indicating that de *909 fendant was adjudicated a “second violent felony offender” is also checked.
The predicate felony statement (court exhibit IV) reflects that defendant had previously been convicted of “attempt[ed] robbery 1st degree ‘C’ felony” on November 26, 1979 in Supreme Court, Kings County, under indictment No. 3011/79, and that in response to the question whether the crime is a “predicate VFC,” the answer checked off is “yes.”
Accordingly, based upon this evidence, notwithstanding the lack of a transcript of the CPL 400.15 adjudication proceeding itself, I conclude that it has been clearly and unequivocally demonstrated that defendant was formally adjudicated a second violent felony offender at the time of his guilty plea on his 1989 attempted robbery conviction. Thus, the court finds that the standard of formal and unequivocal proof that defendant was so adjudicated has been met here. Defendant has committed an exclusion offense with the meaning of CPL 440.46 (5) (b) and is, therefore, forever barred from DLRA-3 relief.
VI. Conclusion
For the foregoing reasons, defendant’s motion for resentencing pursuant to CPL 440.46 and section 23 of the DLRA is denied in its entirety.

. The trial justice has since retired.

. In Danton I, this court issued a consolidated decision and order pertaining to defendant Danton and to two other defendants, namely, Gilberto Sosa and Keith Brock, whose motions, like defendant Danton’s, also presented the issue of how properly to calculate the 10-year look-back period of CPL 440.46 (5) (a). The Appellate Division, First Department, unanimously affirmed this court’s decision in Danton I as it applied to this case, holding that “[t]he court properly determined that defendant was ineligible for resentencing because of his prior violent felony conviction, even though it did not serve as the basis for his adjudication as a second felony offender on the instant convictions.” (People v Danton, 93 AD3d at 499, citing People v Steward, 18 NY3d 493 [2012].) As to defendants Sosa and Brock, the People appealed the decision of this court, which was unanimously affirmed by the First Department. (People v Sosa, 81 AD3d 464 [2011].) The People sought leave to appeal the decision of the First Department as to both defendants, but ultimately withdrew the appeal as to defendant Brock, who was by then deceased. (People v Brock, 16 NY3d 828 [2011].) The Court of Appeals affirmed the decision of the First Department as to defendant Sosa. (People v Sosa, 18 NY3d 436 [2012].)

. Although the People have not raised the issue, the court notes that defendant was not incarcerated but had been released to parole at the time of filing of the instant application. For the reasons well expressed in People v Pomoles (35 Misc 3d 444 [Sup Ct, Bronx County, Feb. 17, 2012]), I find that in this case, the fact that defendant was in the legal custody of DOCCS while under parole supervision rather than in the physical custody of DOCCS in a correctional facility at the time he filed the instant application does not render him ineligible for resentencing. (See People v Pomoles, 35 Misc 3d at 447-449; cf. People v Lankford, 35 Misc 3d 418 [Sup Ct, Bronx County 2012] [denying DLRA-3 resentencing on ground that defendant was not incarcerated at time of application, and finding merger of agencies irrelevant].) The DLRA-3 is an ameliorative statute which should be interpreted liberally in favor of the defendant. (McKinney’s Cons Laws of NY, Book 1, Statutes § 321 [remedial statutes are to be construed liberally to carry out their intended reforms and. to promote justice]; see Danton I, 27 Misc 3d at 644.)

. At the July 11, 2012 hearing on the motion, the People conceded that although adjudication as a violent felony offender is not required by CPL 440.46 (5) (a), it is required by CPL 440.46 (5) (b). (People v Steward, 18 NY3d at 497.)

. Defendant also observes, correctly, that in 1989, a sentence of 2[1]h to 5 years in prison was an authorized sentence for a defendant convicted of a nonviolent class D felony who was adjudicated a second felony offender. (L 1973, ch 277, § 9, codified as Penal Law § 70.06 [3] [c], relettered by L 1979, ch 410, § 8 as Penal Law § 70.06 [3] [d]; L 1979, ch 410, § 9, codified as Penal Law § 70.06 [4] [b].) Nonetheless, since September 1, 1978, attempted robbery in the second degree (Penal Law §§ 110.00, 160.10) has been included among those crimes defined as class D violent felony offenses (see L 1978, ch 481, § 3, codified as Penal Law § 70.02 [1] [b]; [c]), as to which, from 1978 to 1995, the minimum indeterminate sentence for a second violent felony offender was the sentence defendant received, namely, 2xh to 5 years’ imprisonment (see L 1978, ch 481, § 4, codified as Penal Law § 70.04 [3] [c]; [4]).

. At the hearing on the motion on July 11, 2012, the court furnished copies of all four documents to the parties and gave them an opportunity to examine the original court file. The parties were also offered an adjournment and an opportunity to brief the issue, but declined it.

. See Matter of Lagarto v Soule (86 AD3d 665, 667 n 5 [3d Dept 2011] [“(a) court may take judicial notice of prior judicial proceedings though in a different court and involving different parties”], quoting Matter of Justin EE., 153 AD2d 772, 774 [3d Dept 1989], lv denied 75 NY2d 704 [1990]). In Justin EE., the Appellate Division criticized the hearing court’s approach to the use of information which it had judicially noticed, stating that “the manner in which it was done [by the court below] here, sua sponte, after the conclusion of the fact-finding hearing, was inappropriate in that respondents had no opportunity to challenge either the accuracy or relevance of the judicially noticed facts.” (Matter of Justin EE., 153 AD2d at 774 [citations omitted].) In this case, by contrast, this court has shown the parties the documents in question, heard the parties’ argument on them at the July 11, 2012 hearing and offered them the opportunity to brief the issue.