People v Ward (2019 NY Slip Op 02923)





People v Ward


2019 NY Slip Op 02923


Decided on April 18, 2019


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: April 18, 2019

108757

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ROBERT WARD, Appellant.

Calendar Date: March 27, 2019

Before: Egan Jr., J.P., Devine, Aarons and Rumsey, JJ.


Stephen W. Herrick, Public Defender, Albany (Jessica M. Gorman of counsel), for appellant.
P. David Soares, District Attorney, Albany (Michael C. Wetmore of counsel), for respondent.



MEMORANDUM AND ORDER
Egan Jr., J.P.
Appeal from an order of the Supreme Court (McDonough, J.), entered October 11, 2018 in Albany County, which denied defendant's application for resentencing pursuant to CPL 440.46.
In 1983, defendant was convicted of burglary in the second degree, a violent felony (see Penal Law § 70.02 [1] [b]). Thereafter, in 1998, upon his guilty plea, defendant was convicted of attempted robbery in the second degree, also a violent felony (see Penal Law § 70.02 [1] [c]), and he was sentenced to a prison term of five years. In 2004, defendant was convicted of criminal sale of a controlled substance in the third degree, a class B felony, and was sentenced to a prison term of 12½ to 25 years (People v Ward, 27 AD3d 776 [2006], lv denied 7 NY3d 764 [2006]). In 2014, defendant moved to be resentenced on his 2004 conviction pursuant to the Drug Law Reform Act of 2009 (see L 2009, ch 56, as codified in CPL 440.46). Following a hearing, Supreme Court (Teresi, J.) denied the application from the bench, finding, based upon defendant's prior violent felony convictions, that he was statutorily ineligible for resentencing under the Drug Law Reform Act of 2009 (see CPL 440.46 [5] [b]). Supreme Court (McDonough, J.) later issued an order denying the motion, entered on October 11, 2018 [FN1]. Defendant now appeals.[FN2]
We affirm. Supreme Court properly found that defendant was sentenced as a second violent felony offender in 1998, rendering him ineligible for resentencing on his 2004 drug conviction (see CPL 440.46 [5] [b]; People v Vega, 105 AD3d 582, 583 [2013], lv denied 21 NY3d 1077 [2013]; People v Soto, 97 AD3d 707, 707 [2012]). On appeal, defendant does not dispute that his 1983 and 1998 convictions were for violent felonies (see Penal Law § 70.02 [1] [b], [c]). Instead, defendant argues that he was not sentenced as a second violent felony offender in 1998, an argument premised upon the certificate of conviction in which the clerk of the court recorded that defendant was sentenced as a "second felony offender." However, the transcript of the plea proceedings in which defendant pleaded guilty to robbery in the second degree reflects that the plea agreement accepted by defendant contemplated that he would be sentenced as a second violent felony offender, and the five-year sentence imposed was an authorized sentence for a conviction on a class D violent felony offense as a second violent felony offender (see Penal Law § 70.04 [3] [c])[FN3]. At the 2004 sentencing, defendant did not dispute or challenge the 1983 or 1998 violent felony convictions (see People v Steward, 18 NY3d 493, 498 [2012]).[FN4]
As the record demonstrates that defendant committed, and in 1998 was convicted of, a second violent felony offense, Supreme Court properly determined that the certificate of conviction issued in connection with the 1998 sentence was incorrect and, further, that defendant had committed an "exclusion offense" that rendered him ineligible for resentencing on his 2004 drug conviction (CPL 440.46 [5] [b]). To that end, Supreme Court possessed the inherent authority to correct its records "where the correction relates to mistakes, or errors, which may be termed clerical in their nature, or where it is made in order to conform the record to the truth" and this power, equally applicable in criminal cases, "has been held specifically applicable to errors relating to sentence" (People v Minaya, 54 NY2d 360, 364 [1981] [internal quotation marks and citations omitted], cert denied 455 US 1024 [1982]; see People v Payne, 148 AD3d 1226, 1227-1228 [2017], lv denied 29 NY3d 1084 [2017]). Defendant's remaining claims lack merit.
Devine, Aarons and Rumsey, JJ., concur.
ORDERED that the order is affirmed.



Footnotes

Footnote 1: Defendant's appeal was previously dismissed because the oral decision of Supreme Court (Teresi, J.) was not reduced to a required written order (People v Ward, 139 AD3d 1254, 1255 [2016]). The order has now been issued and submitted for consideration on this appeal.

Footnote 2: Defendant's release to parole during the pendency of this appeal does not render his appeal moot, in that he remains "'in the custody of'" the Department of Corrections and Community Supervision (People v Brown, 25 NY3d 247, 250 [2015], quoting CPL 440.46 [1]; see People v Perez, 88 AD3d 913, 913-914 [2011], lv denied 18 NY3d 927 [2012]; People v Williams, 84 AD3d 1279, 1280 [2011], lv denied 17 NY3d 823 [2011]; cf. People v Forsythe, 159 AD3d 1188, 1188 [2018]).

Footnote 3: The 1998 sentencing transcript and the predicate felony offender statement (see CPL 400.15 [2]) for that sentencing are not in the record on appeal.

Footnote 4: Defendant's argument that the People did not seek second or persistent violent felony offender sentencing in 2004 is misplaced. The 2004 conviction was for criminal sale of a controlled substance in the third degree, a class B felony, which is not a violent felony offense (see Penal Law § 70.02 [1]) and, thus, second or persistent violent felony offender sentencing was not authorized on the 2004 conviction (see Penal Law §§ 70.04 [1] [a]; 70.08 [a]). By distinction, second violent felony offender sentencing was authorized on the 1998 conviction given that it was, in fact, defendant's second violent felony conviction.